IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC KASPEROWICZ, | ) |
| Plaintiff, | ) Civil Action No. 2:21-cv-1097 |
| v. | ) Hon. Judge David Stewart Cercone |
| PINE RICHLAND SCHOOL DISTRICT, BRIAN R. MILLER, PETER LYONS, AND THOMAS SALOPEK | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)**

Defendants, Pine Richland School District, Brian R. Miller, Peter Lyons and Thomas Salopek, submit this Brief in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief may be granted.

A.   Introduction

By letter dated April 14, 2021, Plaintiff, Eric Kasperowicz, was informed that the Pine Richland School District ("School District") was not renewing his one-year supplemental contract as the head varsity football coach. (ECF Document 1 at ¶¶ 11, 12). The decision not to renew the one-year agreement was made by unanimous consent of the School District's Board of School Directors. The decision followed an administrative investigation which revealed a history of hazing, "rites of passage," bullying and intimidation within the School District's football program. Plaintiff previously had been placed on a "Program Improvement Plan" for inadequate program oversight and lack of communication with the School District's Director of Athletics, including the failures to report an improper recruitment of a player that led to a disciplinary suspension of Plaintiff. When interviewed by school administrators about these issues, Plaintiff became

belligerent, argumentative, and disrespectful.[1] Plaintiff refused to accept responsibility for problems within the program, instead blaming assistant coaches and school administrators, even stating "you aren't paying me enough to sit in the locker room and watch the kids." Demonstrative of his attitude that winning football games should be given primacy over the School District's concerns, Plaintiff said "You mean two state titles and I don't work in the school?"[2]

Because the football team had been successful on the field during Plaintiff's tenure, various stakeholders, including supporters of Plaintiff, publicly criticized the School District, its Board of School Directors and its administrators, and demanded to know the reasons for Plaintiff's non-renewal and that Plaintiff be re-appointed as football coach. Although not acknowledged in the Complaint, Plaintiff himself disseminated false statements about the circumstances of his non-renewal that precipitated and exacerbated controversy within the community over the School District's decision. Subsequently school officials endeavored to explain the decision, including Assistant Principal, Thomas Salopek, who met in private with members of the football team on April 16, 2021, Board President, Peter Lyons, who read a statement to the media on April 20, 2021, Superintendent, Dr. Brian Miller, who submitted to an interview with a local television station and sending a letter to families, both on May 7, 2021. (ECF Document 1 at ¶¶ 16, 20, 23, 27, 28). Plaintiff alleges that these statements were false, defamatory and damaging to his reputation. (ECF Document 1 at ¶¶ 17, 24, 34, 41).[3]

---

[1] Following his non-renewal, Plaintiff wrote to the Board of School Directors stating: "My conduct was not close to the level of professional discourse I expect from myself…if a subordinate of mine would have acted similarly, I too would have drawn the same conclusions as you."

[2] Plaintiff's employment with the School District was limited to the head varsity football coach position. Plaintiff's regular employment is as a teacher in the North Hills School District.

[3] Video recordings of the statements made by Board President Lyons and Superintendent Miller are accessible on the Internet, such that Plaintiff could have included their actual content verbatim and in their entirety in the Complaint. Notably, Plaintiff chose not to do so, instead taking considerable liberty to characterize those statements, likely because nothing in the actual statements is defamatory in nature.

On June 10, 2021, Plaintiff filed a civil action in the Court of Common Pleas of Allegheny County against the Defendants, at Case No. 21-005420, presenting putative claims of slander, slander *per se*, libel and derivative liability of the School District based upon the principle of *respondeat superior*. Defendants filed preliminary objections in the nature of a demurrer on the bases that the Defendants are immune from liability upon common law tort claims pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, and, as against the Board President and Superintendent, such claims are barred by the doctrine of absolute immunity. In lieu of responding to the preliminary objections, Plaintiff voluntarily discontinued the civil action and on August 18, 2021, instituted this action by the filing of the Complaint.

Count I of Plaintiff's Complaint attempts to state a claim pursuant to 42 U.S.C. § 1983, asserting that, by their statements made days and weeks after Plaintiff's non-renewal, Defendants deprived Plaintiff of his liberty interest in his reputation without due process of law in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. However, Plaintiff's Complaint fails to allege facts sufficient to establish a "stigma-plus" claim under the Due Process Clause. Further, on the face of the Complaint, it is evident that the individual Defendants are entitled to qualified immunity, since it is not clearly established law that school officials can be subjected to liability for public statements made *after* a decision not to renew an employee's one-year contract of employment.

Count II of Plaintiff's Complaint attempts to state a claim against the School District pursuant to 42 U.S.C. § 1983, for the allegedly defamatory statements made by Board President Lyons and Superintendent Miller subsequent to the non-renewal of Plaintiff's one-year supplemental contract. However, Plaintiff fails to allege facts that would establish the allegedly defamatory statements made about Plaintiff constitute a policy or custom of the School District to support a cognizable claim for municipal liability.

3

B.  Standard for Motion to Dismiss

Pursuant to Fed. R Civ. P. 12(b)(6), the Court is authorized to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R Civ. P. 12(b)(6). Although a court deciding a Rule 12(b)(6) motion is required to liberally construe the allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, the court does not have to accept or give credit to the complaint's bald assertions, legal conclusions, unsupported conclusions, unwarranted inferences, unwarranted deductions, and sweeping conclusions of law in the form of factual conclusions. Price v. Schwan's Home Services, Inc., 2006 WL 897721, at *2 (W.D. Pa. April 3, 2006); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). A complaint must be dismissed for failure to state a claim if it does not allege enough facts to state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 554, 556, 127 S. Ct. 1955 (2007).

As the Supreme Court advised in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Applying the principles of Iqbal, this Court, in Salvio v. Amgen, Inc., 810 F. Supp. 2d 745, 750 (W.D. Pa. 2011), observed:

> As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" [Citations omitted].

Thus, a complaint must do more than assert a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

C.  Count I of the Complaint Fails to State a Procedural Due Process "Stigma-Plus" Claim

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal

4

statutes that it describes." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 749 n. 9, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999) (quotation omitted). A successful § 1983 claim requires a plaintiff to show: (1) violation of a right secured by the Constitution and the laws of the United States, and (2) commission of that violation by a person acting under color of state law. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir.2000) (citing Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir.1990)). Here, Plaintiff asserts that he was deprived by Defendants of a constitutionally protected liberty interest in his reputation in violation of the Due Process Clause of the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment provides that "No State shall ... deprive any person of life, liberty, or property, without due process of law ...." U.S. CONST., AMEND. XIV, § 1. The essential requirements of "due process" are notice and an opportunity to be heard. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 545–548, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Due Process Clause "raises no impenetrable barrier to the taking of a person's possessions." Fuentes v. Shevin, 407 U.S. 67, 81, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Instead, it merely requires that state-occasioned deprivations of liberty and property interests be effectuated in accordance with "due process of law." Parratt v. Taylor, 451 U.S. 527, 537, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 328–331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

As to the asserted liberty interest in reputation, an individual does not have a constitutionally protected interest in reputation alone. Thomas v. Indep. Twp., 463 F.3d 285, 297 (3d Cir. 2006) (citing Paul v. Davis, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." Clark v. Twp. of Falls, 890 F.2d 611, 619 (3d Cir. 1989) (citing Paul, 424 U.S. at 701-12, 96 S.Ct. 1155). Accordingly, a plaintiff must plead a "stigma-plus" claim in his complaint. See Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (explaining that "to

5

make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest").[4]

In the context of public employment, "the 'stigma-plus' test has been applied to mean that when an employer 'creates and disseminates a false and defamatory impression about the employee in connection with his termination,' it deprives the employee of a protected liberty interest." Hill, 455 F.3d at 236 (quoting Codd v. Velger, 429 U.S. 624, 628 (1977)). "When such a deprivation occurs, the employee is entitled to a name-clearing hearing." Hill, 455 F.3d at 236; see also Roth, 408 U.S. at 573 n.12 ("The purpose of such notice and hearing is to provide the person an opportunity to clear his name").[5]

Plaintiff's Complaint does not contain any allegations of fact that the allegedly false and defamatory statements were made in connection with the decision not to reappoint him as head varsity football coach. Instead, the Complaint states that allegedly false and defamatory statements were made *subsequent* to the School District's decision. (ECF Document 1 at ¶¶ 12, 16, 20, 27). Specifically, Plaintiff's Complaint states that he was informed on April 14, 2021, that his one-year supplemental contract would not be renewed. Plaintiff's Complaint further states that (1) on April 16, 2021, Defendant Salopek made a defamatory statement to members of the football team, (2) on April 20, 2021, Board President, Peter Lyons, made a defamatory statement to the media, and (3) on May 7, Superintendent, Dr. Brian Miller, made defamatory statements in a television interview and in a letter sent to families. (ECF Document 1 at ¶¶ 16, 20, 23, 27, 28).

---

[4] In this regard, the Third Circuit has not recognized "allegations of 'possible loss of future employment opportunities' [or] even outright 'financial harm'" as viable "plus" deprivations to fulfill the "stigma-plus" test for a federal defamation claim. Simpson v. Nicklas, 500 F. App'x 185, 188 (3d Cir. 2012) (quoting first Clark v. Township of Falls, 890 F.2d 611, 620, and quoting second Sturm v. Clark, 835 F.2d 1009, 1013 (3d Cir. 1987) ); see also Steffey v. Agora Cyber Charter Sch., No. 18-cv-1182, 2018 WL 6696816, at *4, 2018 U.S. Dist. LEXIS 214153, at *11 (E.D. Pa. Dec. 19, 2018) (plaintiff simply asserted "harm ... to her future employment prospects" but failed to alleged specific injury to her future employment prospects).

[5] Although not acknowledged in Plaintiff's Complaint, the School District *did* meet with Plaintiff to review its concerns with the football program prior to the decision not to renew Plaintiff as head coach for another football season.

Because Plaintiff complains of supposedly defamatory statements made after his non-renewal, the Complaint merely alleges a damage to reputation alone which is not a constitutionally protected interest. Stated otherwise, Plaintiff has pled "stigma" without the "plus" necessary to a procedural due process claim.

Plaintiff's inadequate procedural due process claim is comparable to the claim dismissed by the Court in Caristo v. Blairsville-Saltsburg School District, 370 F.Supp. 3d 554 (W.D. Pa. 2019). The plaintiff in Caristo was employed by the defendant school district as its superintendent, was suspended without pay and filed a civil action alleging breach of contract and violation of state whistleblower laws. Her claims were settled via a settlement agreement on November 22, 2017, pursuant to which she resigned from her employment as superintendent. Subsequently, she made statements circulated by the media that accused the school board of misconduct and financial waste. In response, at a school board meeting on December 6, 2017, the school board's solicitor read a press statement accusing the former superintendent of unethical behavior, various misconduct and failures of performance. The former superintendent then brought suit asserting, inter alia, a "stigma-plus" procedural due process claim pursuant to Section 1983.

The Court dismissed the former superintendent's claim as insufficient to satisfy the "plus" component of the "stigma-plus" claim. The Court observed that:

> Plaintiff does not allege that the loss of her formerly held job as Superintendent of the School District is a deprivation of a liberty/property interest. <u>Nor could she because the end of her employment occurred prior to when the allegedly defamatory statements (i.e. the Press Statement) were made</u>. Rather, Plaintiff alleges that she has been deprived of "opportunities for obtaining employment in her chosen occupation as a school Superintendent."

Caristo v. Blairsville-Saltsburg Sch. Dist., 370 F. Supp. 3d 554, 567 n. 16 (W.D. Pa. 2019). The Court distinguished the claim from Hill v. Borough of Kutztown, supra., explaining "Hill does not apply in that way here, *since the Press Statement came after Plaintiff's employment ended.*" Caristo, 370 F.Supp.3d at 568 n. 17 (emphasis added).

The allegations presented here and in Caristo contrast with those found to establish the "stigma-plus" components. In Hill v. Borough of Kutztown, supra., a borough manager resigned following public statements by mayor accusing him of irregular, illegal and reckless handling of borough funds. Similarly, in Pavone v. Redstone Twp. Sewer Authority, 2021 WL 4134035 (W.D. Pa. 2021), a municipal employee alleged that, starting in January 2019, township supervisors spread false rumors that she had mishandled and misappropriated funds, resulting in her constructive discharge in May 2019. Of significance, the alleged defamatory statements in Hill and Pavone were made prior to and ultimately led to the cessation of the plaintiffs' employment. The damage to reputation from the municipal officials' public statements was a predicate to the loss of employment.

As in Caristo, and unlike in Hill and Pavone, the Defendants' allegedly defamatory statements of which Plaintiff complains occurred ***after*** the School District determined not to renew his one-year supplemental contract and notified him of that decision. Because the purportedly defamatory statements were not made prior to and did not result in the non-renewal of Plaintiff's employment, there is no constitutionally protected interest of which Plaintiff was deprived for which any process was due pursuant to the Fourteenth Amendment. Consequently, Count I of Plaintiff's Complaint fails to state a cognizable Section 1983 claim and should be dismissed.

> D.  Plaintiff's Claims Against the Individual Defendants Are Barred by Qualified Immunity[6]

A public official sued under § 1983 for a constitutional violation is entitled to qualified immunity "unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." Plumhoff v. Rickard, 572 U.S. 765, 766-67, 134 S.Ct. 2012, 188 L.Ed.2d 1056 (2014) (citing Ashcroft v. al-Kidd, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)). A right is "clearly established" when its "contours ...

---

[6] The Third Circuit has stated that qualified immunity is appropriate for consideration pursuant to a Rule 12(b)(6) motion to dismiss whenever the immunity can be established from the face of the complaint. Thomas v. Indep. Twp., 463 F.3d 285, 291 (3d Cir. 2006).

[are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Wilson v. Layne, 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (citing Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)); see also Hope v. Pelzer, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (observing that courts should ask "whether the state of the law [at the relevant time] ... gave respondents fair warning that their alleged [conduct] ... was unconstitutional"). Courts "typically look to Supreme Court precedent or a consensus in the Courts of Appeals to give an officer fair warning that his conduct would be unconstitutional." Kedra v. Schroeter, 876 F.3d 424, 450 (3d Cir. 2017). It is not enough that the right is defined at a high level of generality; rather, "[t]he dispositive question is 'whether the violative nature of particular conduct is clearly established.'" Mullenix v. Luna, 577 U.S. 7, 12, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) (quoting al-Kidd, 563 U.S. at 742, 131 S.Ct. 2074).

The premise of Plaintiff's claims against the individual Defendants, that public statements made by school officials *after* a decision not to renew a one-year contract of employment violated Plaintiff's rights, is not clearly established law. Indeed, as discussed above, because the statements attributed to the individual Defendants were made *after* Plaintiff's one-year contract was not renewed, the current state of the law is that such conduct did not violate any constitutionally protected right of Plaintiff. Accordingly, Plaintiff's claims against the individual Defendants are barred by qualified immunity. Since the individual Defendants' qualified immunity can be established from the face of Plaintiff's Complaint, the Complaint fails to state a claim against the individual Defendants for which relief may be granted and should be dismissed.

E.   Count II of the Complaint Fails to State a Municipal Liability Claim

Plaintiff's attempt to plead an alternative claim against the School District for municipal liability pursuant to Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), is unavailing. Pursuant to Monell, a municipality may not be held liable under § 1983 for the constitutional torts of its employees by virtue *of respondeat superior*. Rather, a

municipality may be held liable for the conduct of an individual employee or officer that violates constitutionally protected rights only when that conduct implements an official policy, custom or practice. McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005).

However, as the United States Supreme Court observed in City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)), "neither Monell [citation omitted] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact . . . the officer inflicted no constitutional harm." See also Grazier ex rel. White v. City of Philadelphia, 328 F.3d 120, 124 (3d Cir.2003) ("Because the jury in this case found no constitutional violation, Heller precludes a finding of municipal liability against the City. This conclusion follows naturally from the principle that municipal liability will only lie where municipal action actually caused an injury"); Hill v. Borough of Kutztown, 455 F.3d at 225. Without an underlying violation by municipal officials of a constitutionally protected right, there simply is no basis for municipal liability.

As discussed above, Plaintiff's Complaint fails to allege facts sufficient to support a "stigma-plus" claim that Plaintiff suffered a deprivation of a federally protected right. Without an underlying constitutional violation, the Complaint fails to state a cognizable claim for a municipal liability claim against the School District. Consequently, Count II of the Complaint fails to state a cognizable Section 1983 claim against the School District for municipal liability pursuant to Monell and should be dismissed.

    F.    <u>Plaintiff's Claims Against the Individual Defendants Acting in Their Official Capacity Are Redundant of His Claims Against the School District</u>

Each of the individual Defendants have been sued for actions taken in their capacities as School District employees. As to Defendant Salopek, the Complaint alleges that "[a]t all times relevant to this Complaint, Defendant Salopek was, and is, the assistant principal of Defendant District's Pine-Richland High School." (ECF Document 1 at ¶ 10). The Complaint contends that Salopek made a defamatory statement to students "in his capacity as assistant principal." (ECF

Document 1 at ¶ 16). As to Defendant Miller, the Complaint avers that "[a]t all times relevant to this Complaint, Defendant Miller was, and is, the superintendent of Defendant District." (ECF Document 1 at ¶ 8). The Complaint contends that purportedly defamatory statements were made by Miller in a television interview and a letter to the community while acting "in his capacity as superintendent of Defendant District." (ECF Document 1 at ¶ 27, 37, 44, 50 and 59). As to Defendant Lyons, the Complaint states that "[a]t all times relevant to this Complaint, Defendant Lyons was, and is, the president of Defendant District's school board." (ECF Document 1 at ¶ 9). Likewise, the Complaint alleges that supposedly defamatory statements of Lyons were made in his capacity as president of the school board. (ECF Document 1 at ¶ 44, 50 and 59).

Section 1983 suits against individuals in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165–166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citation omitted). Thus, Plaintiff's claims against the individual Defendants for actions undertaken in their official capacity are redundant of the claims Plaintiff asserts against the School District. See Swedron v. Borough, 2008 WL 5051399, *4 (W.D.Pa. Nov. 21, 2008) (Court held that official capacity claims under § 1983 against defendant police officers should be dismissed since they were redundant of the claims against defendant Borough) (citing Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir.1988)); Brice v. City of York, 528 F.Supp.2d 504, 516 n. 19 (M.D.Pa.2007) ("claims against state officials in their official capacities merge as a matter of law with the municipality that employs them."); Burton v. City of Phila., 121 F.Supp.2d 810 (E.D.Pa.2000); Donovan v. Pittston Area School Dist., 2015 WL 3771420, *5 (M.D.Pa. June 17, 2015) (Court dismissed with prejudice plaintiff's claims against board members of school district in their official capacity as redundant of claims against school district); Hill v. Borough of Kutztown, 455 at 233 n. 9 (3d Cir.2006).

Because the premise of Plaintiff's Section 1983 claims against the individual Defendants are actions taken in their official capacities, the Complaint fails to state cognizable claims against

11

them. Accordingly, as against the individual Defendants, the Complaint should be dismissed with prejudice.

G. Conclusion

Plaintiff's Complaint is an ineffective attempt to recast a common law defamation claim (barred by state law as against the School District and its officials) as a constitutional violation. Plaintiff's claim that his reputation was damaged by public statements made after the non-renewal of his employment simply does not present a violation of any constitutionally protected right. Thus, the Complaint fails to state cognizable claims and, therefore, the Complaint should be dismissed.

Respectfully submitted,

/s/ *Matthew M. Hoffman*
Matthew M. Hoffman
PA. I.D. # 43949

/s/ *Christopher Voltz*
Christopher Voltz
PA. I.D. # 200704

TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
mhoffman@tuckerlaw.com
cvoltz@tuckerlaw.com

Dated: October 19, 2021

/s/ *Jaime N. Doherty*
Jaime N. Doherty
P.A. I.D. # 89402

/s/ *Matthew C. Fergus*
Matthew C. Fergus
PA. I.D. # 205506

GRB LAW
Frick Building
437 Grant Street. 14th Floor
Pittsburgh, PA 15219
(412) 281-0587
jdoherty@grblaw.com
mfergus@grblaw.com

Attorneys for Defendants, Pine Richland School District, Brian R. Miller, Peter Lyons and Thomas Salopek

TADMS:5585274-1 032545-192421